[Crim. No. 3154. In Bank.—November 26, 1930.]

THE PEOPLE, Respondent, v. ALBERT M. STEWART, Appellant.

Albert M. Stewart, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Neil R. McAllister for Respondent.

PRESTON, J.—This is an appeal by the sixth and last defendant in a prosecution in Sacramento County for murder in the first degree, wherein all of the six were convicted and a judgment imposing the extreme penalty was pronounced.

The appeal of the other five defendants was denied on April 30, 1929, and discussion of that cause is found in *People* v. *Brown,* 207 Cal. 172 [277 Pac. 320]. The crime of which these defendants were convicted was murder growing out of an armed prison revolt which occurred at Folsom on Thanksgiving Day (November 24), 1927. The defendants conducted a murderous assault upon the innocent prison authorities at which they had access, killing a brave guard by the name of Singleton and desperately and cowardly wounding at least two others. As part of the same transaction, they also killed a fellow convict, George Baker, and it is for his murder that this conviction was secured. Details of this revolt need not be again recounted, as the reader may find a more extended review of the facts in the volume containing the above citation. It is sufficient to here state that this defendant, while not the leader, was an active participant in the revolt and wielded a knife during these proceedings, stabbing one guard and making an effort at least to strike at the throat of another. He also cut a telephone cord in pursuance of the object of the revolt and did many other things which make his participation therein a full and complete one.

The defendant offered no brief in his own behalf but, disregarding this omission, we have examined the record

at length. We are convinced therefrom that under the law no relief whatsoever can be accorded him in this court and that his judgment of conviction must be upheld.

In doing this, however, we feel that because of the provisions of article VII, section 1, of the Constitution and section 1418 of the Penal Code, which require the consent and recommendation of a majority of this court before executive clemency can be given in a case where a previous conviction of a felony has been had, we should make a few further observations concerning the condition of the record with respect to this defendant.

It appears that he was in prison charged with forgery. It also appears that he has not the malicious tendencies possessed by the other defendants. He claims to have been overreached by them and practically coerced into what he did. He has already been convicted and sentenced to life imprisonment for participation in the murder of the guard, Ray Singleton, which was a part of this same transaction. He was not a life timer and this sentence was a real punishment for him. During the present trial and during the two previous trials had in connection with the matter, he stood aloof from the other five defendants. More than this, he testified at each of said hearings and gave damaging testimony not only against the other defendants, but against himself as well. In the present trial he acted as his own attorney and cross-examined witnesses and delivered an address to the jury of more than two hours in length. He likewise took the witness-stand in his own behalf and as such witness testified in detail as to the occurrence on the day in question and the part each man took in the execution of the scheme to escape. He spared not himself in his disclosures.

We do not hesitate to say that his statement of what occurred contributed materially in our judgment to the conviction of the other defendants and while the state did not vouch for this defendant and did not introduce him, nevertheless it availed itself of all the valuable testimony adduced by him, even to the extent of introducing as part of his cross-examination certain exhibits consisting of murderous instruments used in the attempt to break prison.

On the whole we are convinced that there is perhaps left in this defendant a modicum of honor and that at the proper

time, should application be made for a recommendation to the Governor for a commutation of sentence to life imprisonment, we are prepared to entertain and consider the same.

The judgment is affirmed.

Curtis, J., Langdon, J., and Richards, J., concurred.